# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>CHRISTOPHER D. VAUGHN<br>           Debtor. | Case No. 16-12601<br>Chapter 13 |
| THE PARTNERSHIP FEDERAL CREDIT UNION,<br><br>           Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. VAUGHN<br><br>           Defendant. | Adversary Proceeding No. |

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A), 523(a)(14A) and 523(a)(1)

Plaintiff, The Partnership Federal Credit Union, ("**Partnership**"), by and through its undersigned counsel of record, hereby complains of Defendant, Christopher D. Vaughn ("Vaughn"), as follows:

### PARTIES, JURISDICTION AND VENUE

1. Partnership is a Federal Credit Union based in Maryland and is incorporated under the laws of the United States.

2. Vaughn resides in the State of Maryland.

3. Jurisdiction exists in this Court in accordance with 28 U.S.C. § 727.

48412

4. Venue is proper in this Court in accordance with 28 U.S.C. § 1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## CAUSE OF ACTION
### Count I -- Non Dischargeability of Debt

6. On February 24, 2016, Vaughn applied for and obtained credit from Partnership secured by Vaughn's vehicle (2010 Cadillac Escalade).

7. On March 1, 2016, Vaughn filed for relief under Chapter 7 of the United States Bankruptcy Code.

8. Vaughn's application contained several statements that were materially false with respect to his financial condition upon which Partnership reasonably relied.

9. The statements are directly contradictory to the Debtor's schedules filed less than one week after the extension of credit.

10. Vaughn made these false statements on his application with the intent to deceive.

11. The statements were made in order to hinder, delay and defraud Partnership.

12. Vaughn's schedules did not initially list the debt to Partnership and the schedules were not amended to include the same until after the meeting of creditors.

13. Despite the fact that the Partnership extended credit less than one week before the filing of this bankruptcy case, Vaughn testified at the meeting of creditors that the debt to the Partnership was incurred some months prior to the filing of the case.

14. Additionally said false statements were made in order to retain a luxury good (2010 Cadillac Escalade) by which Partnership is secured.

15. Vaughn has not made a single payment to Partnership since he received the extension of credit.

**WHEREFORE,** The Partnership Federal Credit Union respectfully requests that this Court grant the following relief:

1. An order declaring Vaughn's debt to the Partnership non-dischargeable

2. Reasonable attorney's fees and court costs.

3. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
SILVERMAN THEOLOGOU, LLP

/s/ Diana C. Theologou, Esq. #14284
11200 Rockville Pike, Suite 520
North Bethesda, MD 20852
(301) 468-4990
Fax: (301) 468-0215
e-mail: dtheologou@silvermanlegal.com
*Attorney for The Partnership Federal Credit Union*