IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

|  |  |  |
|---|---|---|
| IN RE: | : | Case No.: 16-12601 |
|  | : | Chapter 13 |
| CHRISTOPHER DEYONTE VAUGHN | | |
| Debtor | : | |
|  | : | |

**********************************************

|  |  |  |
|---|---|---|
| THE PARTNERSHIP FEDERAL CREDIT UNION, | : | Adversary No.: 16-00265 |
| Plaintiff, | : | |
| v. | | |
|  | : | |
| CHRISTOPHER DEYONTE VAUGHN, | | |
|  | : | |
| Defendant. | | |

*************************************************************************

ANSWER TO THE PARTNERSHIP FEDERAL CREDIT UNION'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY

Defendant, Christopher Deyonte Vaughn, by and through counsel, Stacy R. Pace, herein

answers Plaintiff's Complaint, as follows:

**First Defense**

Defendant did not provide information to Plaintiff with the intent to do harm.

**Second Defense**

To the extent that Plaintiff believes that any provided information is inaccurate, the provision of such information in and of itself does not denote fraud, false pretenses, or any similar or related act of deception.

### Third Defense

Defendant's amended filings were filed well before the filing of this complaint. These filings list clearly the identity of the Plaintiff, the debt, and income that is more than sufficient to afford continued car payments. It is unclear why these amended filings were not referenced in this complaint.

### Fourth Defense

To the extent that an allegation is not explicitly admitted, it is denied. The following paragraphs respond to the numbered paragraphs of the Plaintiff's Complaint.

1-5.    Admitted.

6-7.    Admitted.

8.    Denied.

9.    Defendant filed under chapter 7 without counsel. Defendant incorrectly completed his schedules, not his prior application for credit.

10-11.    Denied.

12.    Defendant filed under chapter 7 without counsel. Although it is suggested here that Defendant's amendment is evidence of fraud, in truth such amendment is the result of Defendant having secured counsel.

2

13.     The date that Plaintiff extended credit is clear; any statement suggesting otherwise is either a misrepresentation by Plaintiff of Defendant's answer or a misunderstanding of the question on the part of Defendant.

14-15.  Denied.

Prayer for Relief: 1-3.  Appearing on page 3 of the Complaint is Plaintiff's prayer for relief, to which a response should not be deemed required.  To the extent that a response is deemed required, Defendant specifically denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Moreover, the only party here entitled to attorney fees is Defendant who is burdened with the task of defending such a meritless claim.

WHEREFORE, Defendant requests that this Court enter judgment against Plaintiff, deny all remedies and requests, and award Defendant any further relief that may be just and proper, including attorney's fees.

 Respectfully submitted,


/s/ Stacy R. Pace_____          /s/ Christopher Vaughn_____
Stacy R. Pace, Esq. Bar No.: 17460                 Christopher Vaughn
PACE Group PLLC                                    *Defendant*
1629 K Street, NW, Ste. 300
Washington, DC 20006
Phone: 202248-6866 | Fax: 202-280-1395
Email: Stacy@PACEGroupPLLC.com
*Counsel for Defendant*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 3, 2016** the foregoing Answer was served via CM/ECF to the Chapter 13 Trustee and the Plaintiff by CM/ECF and first class mail, postage prepaid.

Nancy Spencer Grigsby
Chapter 13 Trustee
4201 Mitchellville Rd., Ste. 401
Bowie, Maryland 20716

Diana C. Theologou
Silverman Theologou, LLP
11200 Rockville Pike
Suite 520
N. Bethesda, Maryland 20852

/s/ Stacy R. Pace
Stacy R. Pace